Richard F. Ensor (10877)
Evan Strassberg (8279)
VANTUS LAW GROUP, P.C.
3165 East Millrock Drive, Suite 160
Salt Lake City, Utah  84121
Telephone:  (801) 833-0506
Facsimile:  (801) 931-2500

Attorneys for Plaintiffs Varilease Finance, Inc. and Somerset Leasing Corp. XIV

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VARILEASE FINANCE INC., a Michigan Corporation, and SOMERSET LEASING CORP. XIV, a Connecticut Corporation,<br><br>  Plaintiffs,<br><br>vs.<br><br>BLUESTONE INDUSTRIES, INC., a Delaware Corporation,  JAMES C. JUSTICE COMPANIES, INC., a Delaware Corporation,  JAMES C. JUSTICE II, a citizen of the State of West Virginia, JAMES C. JUSTICE III, a citizen of the State of West Virginia, BLUESTONE COAL GROUP, a West Virginia Corporation, SECOND STERLING CORP., a West Virginia Corporation, JAMES RIVER CONSTRUCTION COMPANY, a West Virginia Corporation, COALTEX, INC., a West Virginia Corporation, JAMES C. JUSTICE COAL GROUP, a West Virginia Corporation, DYNAMIC ENERGY, INC., a West Virginia Corporation, JUSTICE ENERGY, INC., a West Virginia Corporation, KENTUCKY FUEL CORPORATION, a West Virginia Corporation, JUSTICE HIGHWALL MINING, INC., a West Virginia Corporation, PAY CAR MINING, INC., a | **FIRST AMENDED COMPLAINT**<br><br>Civil No. 2:11-cv-915<br><br>Judge Tena Campbell |

| | |
|---|---|
| West Virginia Corporation, JUSTICE FAMILY FARMS, LLC, a West Virginia Corporation, SOUTHEAST COTTON, INC., a West Virginia Corporation, SOUTHEAST ELEVATORS, INC., a West Virginia Corporation, GRANDVIEW INVESTMENT COMPANY, a West Virginia Corporation, KIRBY LAND COMPANY, a West Virginia Corporation, STONEY BROOK PLANTATION, a West Virginia Corporation, JUSTICE AVIATION, LLC, a Kentucky Corporation, INFINITY ENERGY, INC., a Kentucky Corporation, SEQUOIA ENERGY, LLC, a Kentucky Corporation,<br><br>  Defendants. | |

  Plaintiffs Varilease Finance Inc. and Somerset Leasing Corp. XIV, by and through their undersigned counsel of record, complains against Defendants Bluestone Industries, Inc., James C. Justice Companies, Inc., James C. Justice, II, James C. Justice, III, Bluestone Coal Group, Second Sterling Corp., James River Construction Company, Coaltex, Inc., James C. Justice Coal Group, Dynamic Energy, Inc., Justice Energy, Inc., Kentucky Fuel Corporation, Justice Highwall Mining, Inc., Pay Car Mining, Inc., Justice Family Farms, LLC, Southeast Cotton, Inc., Southeast Elevators, Inc., Grandview Investment Company, Kirby Land Company, Stoney Brook Plantation, Justice Aviation, LLC, Infinity Energy, Inc., and Sequoia Energy, LLC, and for causes of action allege as follows:

## PARTIES

  1.  Plaintiff Varilease Finance, Inc. (hereinafter "Varilease") is a Michigan corporation with its principal place of business in Salt Lake City, Utah.

  2.  Plaintiff Somerset Leasing Corp. XIV (hereinafter "Somerset") is a Connecticut

2

Corporation with its principal place of business in Milford, Connecticut.

3. Defendant Bluestone Industries, Inc. (hereinafter "Defendant Bluestone") is a Delaware Corporation with its principal place of business in Beckley, West Virginia.

4. Defendant James C. Justice Companies, Inc. ("Defendant Justice Companies") is a Delaware Corporation with its principal place of business in Beckley, West Virginia.

5. Defendant James C. Justice, II (hereinafter "Defendant Justice II") is a citizen of the State of West Virginia.

6. Defendant James C. Justice III (hereinafter "Defendant Justice III") is a citizen of the State of West Virginia.

7. Bluestone Coal Group (hereinafter "Defendant Bluestone Coal") is a West Virginia company with its principal place of business in Beckley, West Virginia.

8. Defendant Second Sterling Corp. (hereinafter "Defendant Second Sterling") is a West Virginia company with its principal place of business in Beckley, West Virginia.

9. Defendant James River Construction Company (hereinafter "Defendant James River Construction") is a West Virginia company with its principal place of business in Beckley, West Virginia.

10. Defendant Coaltex, Inc. (hereinafter "Defendant Coaltex") is a West Virginia company with its principal place of business in West Virginia.

11. Defendant James C. Justice Coal Group (hereinafter "Defendant Justice Coal Group") is a West Virginia company with its principal place of business in Beckley, West Virginia.

12. Defendant Dynamic Energy, Inc. (hereinafter "Dynamic Energy") is a West

Virginia company with its principal place of business in Beckley, West Virginia.

13. Defendant Justice Energy, Inc. (hereinafter "Defendant Justice Energy") is a West Virginia company with its principal place of business in Beckley, West Virginia.

14. Defendant Kentucky Fuel Corporation (hereinafter "Defendant Kentucky Fuel") is a West Virginia company with its principal place of business in Beaver, West Virginia.

15. Defendant Justice Highwall Mining, Inc. (hereinafter "Defendant Justice Highwall Mining") is a West Virginia company with its principal place of business in Beckley, West Virginia.

16. Defendant Pay Car Mining, Inc. (hereinafter "Defendant Pay Car Mining") is a West Virginia company with its principal place of business in Beckley, West Virginia.

17. Defendant Justice Family Farms, LLC (hereinafter "Defendant Justice Family Farms") is a West Virginia company with its principal place of business in Beaver, West Virginia.

18. Defendant Southeast Cotton, Inc. (hereinafter "Defendant Southeast Cotton") is a West Virginia company with its principal place of business in Beaver, West Virginia.

19. Defendant Southeast Elevators, Inc. (hereinafter "Defendant Southeast Elevators") is a West Virginia company with its principal place of business in Beaver, West Virginia.

20. Defendant Grandview Investment Company (hereinafter "Defendant Grandview Investment Co.") is a West Virginia company with its principal place of business in Beaver, West Virginia.

21. Defendant Kirby Land Company (hereinafter "Defendant Kirby Land Co.") is a

West Virginia company with its principal place of business in Beaver, West Virginia.

22. Defendant Stoney Brook Plantation (hereinafter "Defendant Stoney Brook") is a West Virginia company with its principal place of business in Beaver, West Virginia.

23. Defendant Justice Aviation, LLC (hereinafter "Defendant Justice Aviation") is a Kentucky company with its principal place of business in Lexington, Kentucky.

24. Defendant Infinity Energy, Inc. (hereinafter "Defendant Infinity Energy") is a Kentucky company with its principal place of business in Middlesboro, Kentucky.

25. Defendant Sequoia Energy, LLC (hereinafter "Defendant Sequoia Energy") is a Kentucky company with its principal place of business in Middlesboro, Kentucky.

26. The Defendants set forth in paragraphs 7 through 25 above are hereafter referred to, collectively, as "the Subsidiary Defendants."

## JURISDICTION AND VENUE

27. This Court has subject matter jurisdiction of the claims alleged below pursuant to 28 U.S.C. § 1332, as complete diversity between the parties exists, and the amount in controversy exceeds $75,000.00. The Court has personal jurisdiction over all Defendants because they have transacted business in the State of Utah and because they caused harm in the State of Utah. Defendants are thus subject to jurisdiction in this state pursuant to Utah's long arm statute, Utah Code § 78B-3-205(1) and (3), and Defendants have sufficient contacts to satisfy the due process clause of the United States Constitution.

28. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(a) and (b), as a substantial part of the events giving rise to the claims occurred in this District.

## FACTS

29. Varilease is in the business of leasing equipment to lessees pursuant to "finance leases" under the Commercial Code.

30. Under the terms of a finance lease, the lessee selects the goods to be leased and directs the lessor regarding what equipment is intended to be leased, from what vendor the equipment should be purchased, and at what price the lessor should purchase the equipment.

31. In other words, generally speaking, a company who desires to lease equipment from Varilease will select the equipment and the vendor, and Varilease will then buy the equipment from the vendor for lease to the lessee.

32. Once the equipment is purchased and delivered to the lessee, the lessee is obligated under the terms of the lease to make certain lease payments.

33. In 2008, Varilease entered into a lease agreement (the "Lease") with Defendant Bluestone, Defendant Justice Companies, and the Subsidiary Defendants, as co-lessees, pursuant to which Defendants leased dozens of pieces of large mining equipment (hereinafter "the Equipment"), as set forth in more detail in Lease Schedule Nos. 1, 2, and 3, and the amendments thereto.

34. Pursuant to the Lease, and Lease Schedules Nos. 1, 2 and 3, Varilease purchased over twenty-five million dollars of mining equipment that it then leased to Defendant Bluestone, Defendant Justice Companies, and the Subsidiary Defendants.

35. To secure Defendant Bluestone's, Defendant Justice Companies', and the Subsidiary Defendants' obligations, Defendant Justice II and Defendant Justice III entered into individual guarantees in favor of Varilease (hereinafter "the Guarantees").

36.     Pursuant to the Guarantees, Defendant Justice II and Defendant Justice III unconditionally and irrevocably guaranteed the payment and performance of all of Defendant Bluestone's, Defendant Justice Companies', and the Subsidiary Defendant's obligations under Lease Schedule No. 3.

37.     Specifically, Defendant Justice II and Defendant Justice III agreed to "absolutely and unconditionally guarantee[] to [Varilease] the full and prompt payment and performance when due of each and every debt, liability and obligation of every type and description…"

38.     Varilease and Somerset subsequently entered into a Purchase and Sale Agreement, pursuant to which Somerset purchased the equipment set forth in Lease Schedule No. 2 and Somerset assumed Varilease's rights and obligations under the Lease and Lease Schedule No. 2.  Defendants were aware of, and consented to, the sale and assignment of Lease Schedule No. 2.

39.     Section 18(b) of the Master Lease contains three end-of-term options:  (i) Lessee can purchase the leased property for a price to be agreed upon; (ii) Lessee can extend the Lease term by 12 months; or (iii) Lessee can return the Equipment, pay the terminal rental adjustment cost, and then, once Varilease and/or Somerset sells the Equipment, receive the sales price of the Equipment.

40.     Section 18(b) requires that the lessee provide written notice by certified mail of its election, no less than 180 days prior to the end of the base term of the lease schedule.  If a lessee fails to provide such written notice, Section 18(b) provides that the term of the Lease shall automatically be extended for an additional 12 months.

41.     Defendants did not elect an end-of-term option for Lease Schedule No. 1;

accordingly, the term of Lease Schedule No. 1 (as amended) extended for 12 months.

42.     Defendants did not elect an end-of-term option for Lease Schedule No. 2; accordingly, the term of Lease Schedule No. 2 (as amended) extended for 12 months.

43.     Defendants did not elect an end-of-term option for Lease Schedule No. 3; accordingly, the term of Lease Schedule No. 3 (as amended) extended for 12 months.

44.     Defendant Justice Companies, Defendant Bluestone, and the Subsidiary Defendants have been paying extension term rent for Lease Schedules Nos. 1 and 3, making extension term rent payments for the months of July through September 2011.

45.     The first month of extension rent pursuant to Lease Schedule No. 2 was due on October 1, 2011.

46.     Despite the Lease's plain, unambiguous language, and the parties' course of conduct, Defendants sent a letter to Varilease, dated September 13, 2011, falsely asserting that Varilease engaged in "misrepresentation, bad faith, and breaches of the Lease."

47.     The letter from Defendants' lawyer demanded that the fundamental terms of the transaction be changed, including but not limited to the payment of extension term rent, and threatens that Defendants will seek immediate legal action if Defendants' wrongful demands are not met.

48.     On September 27, 2011, Varilease responded, advising that Defendants' false claims are without merit and that the Lease's terms are clear.

49.     Defendants have now failed to make full payment for the extension rental amounts due in October 2011.

## FIRST CAUSE OF ACTION
### (Breach of Contract against Defendant Bluestone, Defendant Justice Companies, and the Subsidiary Defendants)

50. Varilease and Somerset re-allege and incorporate the proceeding allegations.

51. The Lease and Lease Schedules Nos. 1, 2, and 3 constitute a valid and binding contract between Varilease and Somerset, on one hand, and Defendant Bluestone, Defendant Justice Companies, and the Subsidiary Defendants, on the other.

52. Varilease and Somerset have fulfilled all of their obligations under the Lease and Lease Schedules Nos. 1, 2 and 3.

53. Defendant Bluestone, Defendant Justice Companies, and the Subsidiary Defendants have breached their obligations under the Lease, and Lease Schedules Nos. 1, 2, and 3, by failing to make payments due under the Lease for the month of October 2011.

54. As a direct and proximate result of Defendants' breach of the Lease, Varilease and Somerset have been damaged in an amount in excess of $75,000.00 that will be proven at trial. Varilease and Somerset are also entitled to recover their costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
### (Breach of Good Faith and Fair Dealing against Defendant Bluestone, Defendant Justice Companies, and the Subsidiary Defendants)

55. Varilease and Somerset re-allege and incorporate the proceeding allegations.

56. The Lease, and Lease Schedule Nos. 1, 2, and 3, contain an implied covenant that each party would act in good faith towards each other so that each party could enjoy the full benefits of the contractual relationship.

57. As alleged above, Defendant Bluestone, Defendant Justice Companies, and the

Subsidiary Defendants have willfully acted unfairly and breached the implied covenant of good faith and fair dealing.

58.     Varilease and Somerset have suffered damages in an amount to be determined at trial, in excess of $75,000.00, as a result of the Defendants' breach of the duty of good faith and fair dealing.  Varilease and Somerset are also entitled to recover their costs and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
**(Breach of Contract against Defendant Justice II)**

59.     Varilease re-alleges and incorporates the proceeding allegations.

60.     The Individual Guaranty executed by Defendant Justice II constitutes a valid and binding contract between Varilease, on one hand, and Defendant Justice II, on the other.

61.     Varilease has fulfilled all of its obligations.

62.     Defendant Justice II has breached his obligations under the Guaranty by failing to make payments due under the Lease when Defendant Bluestone, Defendant Justice Companies, and the Subsidiary Defendants failed to make the payments.

63.     As a direct and proximate result of Defendant Justice II's breach of the Guaranty, Varilease has suffered damages, in excess of $75,000.00, in an amount to be determined at trial. Varilease is also entitled to recover its costs and reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
**(Breach of Contract against Defendant Justice III)**

64.     Varilease re-alleges and incorporates the proceeding allegations.

65.     The Individual Guaranty executed by Defendant Justice III constitutes a valid and binding contract between Varilease, on one hand, and Defendant Justice III, on the other.

66. Varilease has fulfilled all of its obligations.

67. Defendant Justice III has breached his obligations under the Guaranty by failing to make payments due under the Lease when Defendant Bluestone, Defendant Justice Companies, and the Subsidiary Defendants failed to make the payments.

68. As a direct and proximate result of Defendant Justice III's breach of the Guaranty, Varilease has suffered damages, in excess of $75,000.00, to be determined at trial. Varilease is also entitled to recover its costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION
### (Writ of Replevin)

69. Varilease and Somerset re-allege and incorporate the proceeding allegations.

70. As a result of Defendants' breach, Varilease and Somerset are entitled to a Writ of Replevin immediately returning the Equipment to Varilease and Somerset.

71. Varilease and Somerset are entitled to the Equipment by virtue of its having financed and paid for the Equipment, because they own the Equipment, and pursuant to the Lease and Lease Schedules Nos. 1, 2, and 3.

72. Varilease and Somerset are entitled to take possession of the Equipment.

## SIXTH CAUSE OF ACTION
### (Declaratory Judgment against All Defendants)

73. Varilease and Somerset re-allege the previous paragraphs as if fully set forth herein.

74. The facts set forth above demonstrate that there is an actual, justiciable controversy between Varilease and Somerset, on one side, and Defendant Bluestone, Defendant Justice Companies, the Subsidiary Defendants, Defendant Justice II, and Defendant Justice III,

on the other side, concerning their respective rights under the Lease, the Schedules thereto, and the guarantees.

75. Based upon the foregoing, Varilease and Somerset pray for judgment pursuant to 28 U.S.C. § 2201, declaring that: (1) Defendants did not elect an end-of- term option for Lease Schedule Nos. 1, 2 or 3 as required by Paragraph 18(b) of the Lease; (2) as a result, the Lease and Lease Schedule Nos. 1, 2, and 3 extended 12 additional months pursuant to the clear, unambiguous terms of Paragraph 18(b) of the Lease, which also requires that the Lease will then extend for an additional six months; (3) the Lease and Lease Schedules Nos. 1, 2, and 3 will terminate after being extended for 18 months; (4) Defendants are contractually obligated to make these extension rent payments; and (5) at the termination of the Lease, Varilease and Somerset will remain the owner of the Equipment and Defendants must return the equipment to Varilease and Somerset pursuant to Paragraph 6(b) of the Lease.

76. Pursuant to Fed. R. Civ. P. 57, Varilease and Somerset respectfully requests a speedy hearing on this request for declaratory relief, and that the Court advance said hearing on the Court's calendar.

WHEREFORE, Plaintiffs Varilease Finance Inc. and Somerset Leasing Corp XIV pray for entry of judgment as follows:

    A. On their First Cause of action, judgment against Defendant Bluestone, Defendant Justice Companies, and the Subsidiary Defendants in an amount to be proven at trial, but no less than $75,000.00, plus pre- and post-judgment interest as allowed by law and attorney fees and costs;

B. On their Second Cause of Action, judgment against Defendant Bluestone, Defendant Justice Companies, and the Subsidiary Defendants in an amount to be proven at trial, but no less than $75,000.00, plus pre- and post-judgment interest as allowed by law and attorney fees and costs;

C. On their Third Cause of Action, judgment against Defendant Justice II in an amount to be proven at trial, but no less than $75,000.00, plus pre- and post-judgment interest as allowed by law and attorney fees and costs;

D. On their Fourth Cause of Action, judgment against Defendant Justice III in an amount to be proven at trial, but no less than $75,000.00, plus pre- and post-judgment interest as allowed by law and attorney fees and costs;

E. On their Fifth Cause of Action, for the entry of an immediate order of replevin requiring the return of the Equipment;

F. On their Sixth Cause of Action, a declaration of rights from the Court stating that: (1) Defendants did not elect an end-of-term option for Lease Schedule Nos. 1, 2 or 3, as required by Paragraph 18 of the Lease; (2) as a result, the Lease and Lease Schedules Nos. 1, 2, and 3 have extended 12 additional months pursuant to clear, unambiguous terms of Paragraph 18(b) of the Lease, which also requires that the Lease will then extend for an additional six months; (3) the Lease will terminate after being extended for 18 months; (4) Defendants are contractually obligated to make these extension rent payments; and (5) at the termination of the Lease, Varilease and Somerset will remain the owners of the Equipment and Defendants

must return the Equipment to Varilease and Somerset pursuant to Paragraph 6(b) of the Lease;

G. For an award of reasonable attorney fees and costs; and

H. For such other and further relief as the Court deems just and proper.

DATED this 6th day of October 2011.

VANTUS LAW GROUP, P.C.

By_____/s/ Richard F. Ensor_____
    Attorneys for Plaintiffs Varilease
    Finance, Inc. and Somerset Leasing
    Corp. XIV

Plaintiff's address:
Varilease Financing Inc.
Somerset Leasing Corp. XIV
c/o Richard F. Ensor
VANTUS LAW GROUP, P.C.
3165 E. Millrock Drive, Suite 160
Salt Lake City, Utah 84121